PICKARD TRUCKING CO., INC., APPELLEE, *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., LTD., APPELLANT.*

---

*Motion to certify the record overruled, March 1, 1961.

(No. 25170—Decided October 5, 1960.)

**Messrs. Nicola & Marsh,** for appellee.

**Messrs. Jamison, Ulrich, Hope, Johnson & Burt,** for appellant.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Court of Common Pleas of Cuyahoga County. The action is one seeking a declaration of the rights of the plaintiff and the defendant, "General Accident," under a contract of insurance, the provisions here considered being set out in the pleadings and are not in dispute.

The plaintiff entered into a contract to erect two "American Whirley Cranes" on the property of The American Ship Building Company at its yards in Lorain, Ohio. The contract was between the plaintiff and The American Ship Building Company. The terms of the contract, in part, were:

"To cover cost of all labor, tools, equipment, supervision, and insurance to erect two American whirley cranes at The American Ship Building Company Lorain Yard as follows:

"Assemble all structural and mechanical units, the structural framework to be erected and permanently bolted with hi-tensile bolts. Field welding to be performed as necessary. All handrails, stair treads and grating to be assembled and attached to the structure. All mechanical equipment to be millwrighted and attached to their supports. The boom to be assembled, erected and cables reeved ready for operation.

"You will furnish necessary personal and plant property liability insurance. You are to keep all employees who are engaged in the work under this contract insured in accordance with the terms of Ohio Workmen's Compensation Act and furnish us with a certificate from the Industrial Commission of Ohio certifying that you have complied with the compensation

act. (Certificate has been received and filed in purchasing dept. files.)

"Cash terms: Net cash

"All materials forming a permanent part of the structure to be furnished by The American Ship Building Company.

"All material to be delivered to the point of erection by The American Ship Building Company."

The plaintiff purchased a policy of insurance from the defendant (general accident) as required by the contract, the provision that is here in dispute providing:

### "INSURING AGREEMENTS

"Coverage D—Property Damage Liability—Except Automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay, * * * for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.

### "EXCLUSIONS

"This policy does not apply (i) under Coverage D, to injuries to or destruction of (1) property owned or occupied by * * * the insured, or (2) * * * property used by the insured, (3) * * *, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, or (4) any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named insured or work completed by or for the named insured, out of which the accident arises * * *."

The plaintiff had finished the erection of the first crane to the point where The American Ship Building Company requested the manufacturer of the crane to test it to determine whether or not it had been correctly erected. During one of the tests, a cable parted, the boom fell and was damaged.

Upon the refusal of The American Ship Building Company to pay the contract price for the erection of the crane, an action was brought seeking judgment for the contract price. To this action The American Ship Building Company filed a cross-petition against the plaintiff seeking damages for the alleged negligence of the plaintiff said to have been the proximate

cause of the damage to the boom. The defendant herein was requested by this plaintiff to assume plaintiff's defense to the cross-petition and such liability and damages as might result upon trial of the issues on the cross-petition under the terms of the insurance policy hereinbefore described. This request was refused whereupon this action seeking a declaratory judgment as to the rights of the parties under the policy was instituted.

The contract of this plaintiff with The American Ship Building Company, as fully above set out, was to furnish the labor and tools necessary to erect the cranes described in the contract. It is equally clear that by this contract The American Ship Building Company was bound to furnish all "the materials forming a permanent part of the structure" to be erected. The cranes were to be erected on the property of The American Ship Building Company. Under this agreement the property forming the cranes at all times (when delivered to the site during the erection and when the cranes were completed) was intended to remain in the possession and control and was at all times the property of the shipbuilding company. Damage thereto, if caused by the negligence of the plaintiff, comes clearly within "Coverage D" of the insuring agreement and the insurer is not relieved of its responsibility under the policy by the exclusions made applicable under "Coverage D."

For the above reason, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HURD, P. J., and KOVACHY, J., concur.